SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

BRIGID S. MARTIN (CABN 231705)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7129
    Facsimile: (415) 436-7234
    Email: brigid.martin2@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROY LACY, )<br>)<br>Defendant. )<br>)<br>_____ ) | No. CR 07-0317 WHA<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Court: Hon. William H. Alsup<br>Sentencing: October 2, 2007,<br>2:00 p.m. |

    The United States of America files this Sentencing Memorandum in support of its recommendation that the Court sentence Roy Lacy, Defendant in the above-captioned case, to a term of imprisonment of 78 months and restitution in the amount of $3,220.00, consistent with the Plea Agreement entered by the parties and just two months lower than the term recommended by U.S. Probation.

**INTRODUCTION**

    On April 27, 2007, the United States filed a Criminal Complaint charging Defendant with commission of three unarmed bank robberies. (Docket #1). On May 22, 2007, the United States Attorney filed an Information charging Defendant with one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). (Docket # 7) On June 12, 2007, Defendant pleaded guilty to

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0317 WHA

the charge pursuant to a binding Plea Agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C). (Docket # 12) In the Plea Agreement, Defendant pleaded guilty to robbing a branch of US Bank on March 1, 2007. (¶ 2) During the March 1, 2007 robbery, Defendant told the bank teller, "I have a gun," although Defendant did not have a gun. (¶ 2) The Defendant also admitted in the Agreement that he robbed two other San Francisco branches of US Bank on March 24, 2007, though these two robberies were not charged in the Information. (¶ 2)

The parties agree that an appropriate disposition in this case includes a term of imprisonment within the range recommended for the Sentencing Guidelines Offense Level 19, 3 years of supervised release, $3,220.00 restitution, and a $100 special assessment. (¶ 8) The parties have agreed to be bound by the Criminal History Category as determined by the Court. (¶ 8) Other than agreeing that the term of imprisonment be within the range recommended for offense level 19, the parties have not agreed on an appropriate term of imprisonment within that range.

United States Probation has determined that the appropriate Criminal History Category in this case is Category VI and recommends a term of imprisonment of 80 months, 3 years of supervised release, $3,220.00 restitution, and a $100 special assessment. (PSR Sentencing Recommendation)

### UNITED STATES SENTENCING GUIDELINES CALCULATIONS

The United States agrees with the accuracy of U.S. Probation's Sentencing Guidelines calculations and the calculation of Defendant's Criminal History Category as set forth in the Presentence Report (PSR). The government erred in its calculation of the Sentencing Guidelines set forth in the Plea Agreement. The government neglected to add a 2-point enhancement to Defendant's offense level for the "threat of death" made by Defendant during the March 1, 2007 bank robbery. According to the Sentencing Guidelines, the statement, "I have a gun," is enough to trigger the 2-point specific conduct enhancement for "threat of death."

While the Plea Agreement calculates the adjusted offense level as 19, without the 2-point enhancement for the "threat of death," the PSR prepared by U.S. Probation reflects the 2-point enhancement arriving at an accurate adjusted offense level of 21. U.S. Probation has also

accurately calculated the appropriate Criminal History Category of Defendant as VI.

## GOVERNMENT'S RECOMMENDATION

The government recommends a term of imprisonment of 78 months, 3 years of supervised release, $3,220.00 restitution, and a $100 special assessment. The guidelines range for CHC VI and offense level 19, the level used in the Plea Agreement, is 63-78 months. The guidelines range for CHC VI and adjusted offense level 21, used in the PSR, is 77-96 months. Thus, a term of imprisonment of 78 months would fall within both of these ranges and be consistent with the guidelines calculations set forth in both the Plea Agreement and the PSR. Furthermore, a term of 78 months is very close to U.S. Probation's recommendation of 80 months. For the same reasons set forth in the PSR, the government asserts that 78 months is an appropriate sentence in this case.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Roy Lacy to a term of imprisonment of 78 months, 3 years of supervised release, $3,220.00 restitution, and a $100 special assessment.

DATED:     September 20, 2007          Respectfully Submitted,

SCOTT N. SCHOOLS
United States Attorney


/s/ Brigid S. Martin
BRIGID S. MARTIN
Special Assistant United States Attorney